IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.                                                                            5:22-cr-29-GAP-PRL

**LEVELLE JOSEPH HARRIS,**
    Defendant.
_____/

**ORDER**

This matter is before the Court on Defendant's motion for court intervention regarding his alleged overpayment of restitution. (Doc. 49). The United States has filed a response. (Doc. 53). As discussed below, Defendant's motion (Doc. 49) is granted to the extent that the Court offers clarification of Defendant's financial obligations under the judgment. However, Defendant's request for a refund is denied because he has not paid the Court-ordered restitution.

    **I.**    **Background**

Defendant pled guilty to 14 counts of wire fraud in violation of 18 U.S.C. § 1343. (Doc. 29). The Court accepted Defendant's plea and adjudicated him guilty. (Doc. 35). Before he was indicted, the United States filed a civil forfeiture action against assets that were directly traceable to the fraud for which he was later charged. *United States v. Real Property Located at 3124 Cherokee Road, Saint Cloud, Florida 34772, et al.*, Case No. 6:22-cv-205-WWB-EJK. In this proceeding, Defendant agreed to the civil or criminal forfeiture of the assets identified in the civil case. (Doc. 42). The United States completed the forfeitures in the civil case and advised that it would credit Defendant's criminal order of forfeiture with the net proceeds obtained from the forfeited assets. (Doc. 42 at n. 1 &2; Doc. 42-1). The Court then entered the

$1,283,029.81 forfeiture order in this criminal case. (Doc. 43). The United States represents that to date, it has collected approximately $833,374.57 in net proceeds of the forfeited assets. The United States Attorney's Office has requested approval from the Department of Justice to use those funds to pay restitution, but the request remains pending.

At sentencing, Defendant's judgment included the $1,283,029.81 forfeiture order, as well as a $1,400.00 special assessment (due immediately), and $1,283,029.81 in restitution. (Doc. 45). The United States represents that it subsequently enforced its lien against a non-forfeited real property, collecting $27,834.06 which was applied to the outstanding special assessment and restitution. Thus, according to the United States, as of November 13, 2023, Defendant's restitution balance is $1,256,420.75.

In the instant motion, Defendant seeks clarification as to his financial obligations under the judgment. Defendant contends that at the time of sentencing he had already paid back $1.16 million, and he believes that since then he has overpaid his restitution and the special assessment.[1] However, Defendant claims that he has received conflicting information from his Case Manager at Montgomery Federal Prison Camp who has advised him that his entire restitution obligation remains due, plus $1,275.00 of the special assessment.

## II.     Discussion

Restitution and forfeiture serve distinct purposes. "While restitution seeks to make victims whole by reimbursing them for their losses, forfeiture is meant to punish the defendant by transferring his ill-gotten gains to the United States Department of Justice (DOC)." *United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014). A defendant is not entitled to offset the

---

[1] Defendant cites to the sentencing hearing transcript in which his counsel, Mr. Mandell, stated that after another closing took place, he estimated that $1.16 million of the restitution obligation would have been satisfied. (Doc. 48 at 21-22).

amount of restitution owed to a victim by the value of the forfeited property to the government. *Id*. This is the case even if the victim is a federal agency –like the Small Business Administration in this case—because the Attorney General and other federal agencies are distinct entities. *Id*. at 1356 (*citing United States v. Taylor*, 582 F.3d 558, 566 (5th Cir. 2009) (because FEMA, victim of defendant's fraud, and DOJ are distinct entities, award of restitution to FEMA and criminal forfeiture order did not result in double recovery to United States); *United States v. Emerson*, 128 F.3d 557, 567-68 (7th Cir. 1997) (United States Postal Service is a distinct entity from the Department of Justice)).

Nevertheless, while a defendant is not automatically entitled to credit his restitution with the value of forfeited assets, the United States routinely seeks to return money to victims through its administrative processes when a defendant does not have sufficient assets to satisfy both a forfeiture order and a restation obligation. Here, the United States Attorney's Office represents that it has made a request to the Department of Justice to restore the forfeited assets to return money to the Small Business Administration, the victim of Defendant's fraud; however, the request has not been granted. Thus, to date, the forfeited assets have not been applied to satisfy Defendant's restitution obligation. According to the United States, as of November 13, 2023, Defendant's restitution balance is $1,256,420.75. Defendant's request for a refund, therefore, is denied because there has been no overpayment.

**IT IS SO ORDERED** in Ocala, Florida, on November 22, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

3

Counsel of Record
Unrepresented Parties