UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No: 5:22-cr-29-GAP-PRL

**LEVELLE JOSEPH HARRIS**

REPORT AND RECOMMENDATION[1]

Defendant Levelle Joseph Harris moves for a reduction in his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. 51). For the reasons stated herein, I respectfully submit that Defendant's motion for a sentence reduction under Amendment 821 should be denied.

**I.  Background**

Defendant pleaded guilty to 14 counts of wire fraud, in violation of 18 U.S.C. § 1343. (Doc. 29). At his January 12, 2023 sentencing, Defendant's guideline range was determined to be 33 to 41 months' imprisonment, based on a Total Offense Level of 20 and a Criminal History Category of I. PSR ¶ 92. Defendant had no criminal history, and his criminal history score was zero. PSR ¶¶ 47–52. The Court varied below the guideline range, imposing a sentence of 27 months' imprisonment for each count, to run concurrently. (Docs. 44, 45, 48).

On November 13, 2023, Defendant filed a motion seeking a reduction in sentence under Amendment 821. United States Probation submitted a memorandum on April 30,

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.

2024, stating that Defendant is not eligible for a sentence reduction because his current sentence is equal to the low-end of the amended guideline range. (Doc. 56). Pursuant to the Court's Administrative Order Regarding Amendment 821, *see* case no. 3:21-mc-1-TJC (Doc. 115), the Federal Public Defender was appointed to represent Defendant. (Doc. 57). On June 12, 2024, the Office of the Federal Public Defender filed a Notice of Satisfaction, notifying the Court that it will not be filing an amended motion on behalf of Defendant because counsel could not argue in good faith that Defendant is eligible for a reduction in his sentence. (Doc. 61). The Office of the Federal Public Defender's motion to withdraw as counsel was granted on June 13, 2024. (Docs. 62, 63).

**II.    Discussion**

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* When the Court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).

The Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). First, the Court must determine if a retroactive amendment to the Sentencing Guidelines lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the 18 U.S.C. § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. Relevant here, the applicable policy statement provides that a court

"shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Amendment 821, made effective on November 1, 2023, provides a two-offense level reduction for defendants with zero criminal history points as long as ten requirements are satisfied. U.S.S.G. amend. 821 (2023). The Sentencing Commission also provided that Amendment 821 would be retroactively applicable, effective February 1, 2024. *See* U.S.S.G. amend. 825 (2023).

While Amendment 821 has the effect of lowering Defendant's guideline range to 27 to 33 months' imprisonment, his current sentence of 27 months' imprisonment is at the low-end of the amended guideline range. Thus, Defendant is not eligible for a further reduction in his sentence.

Because a reduction in Defendant's sentence would be inconsistent with the applicable policy statements regarding Amendment 821, the Court need not consider the § 3553(a) factors.

### III.    Recommendation

Accordingly, I submit that Defendant is ineligible for a sentence reduction under Amendment 821 because his current 27-month sentence is equal to the low-end of the amended guideline range. His motion (Doc. 51) should therefore be denied.

Recommended in Ocala, Florida on June 20, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party